Per Curiam,
 

 The relator on February 24, 1980, pleaded guilty to two “district attorney’s indictments” (Act of April 15, 1907, P. L. 62) to March Sessions 1930 of Berks County, to wit, No. 232 — 1st count, Larceny by bailee; 2d count, Fraudulent Conversion; No. 233, Larceny of motor vehicle.
 

 He was sentenced on No. 232 to the Eastern State Penitentiary for a term of not less than one and one-half years nor more than three years to be computed from February 24, 1930; and on No. 233, to imprisonment in said penitentiary for not less than three years nor more than six years, to be computed from the expiration of sentence in No. 232. He was committed to the penitentiary as of the date of sentence.
 

 By an error in practice then in vogue in the penitentiary, his sentence was entered on the records of that institution as a minimum of 4% years and a maximum of 9 years.
 

 The relator did not apply for a constructive parole at the expiration of the minimum sentence on No. 232 —one and one half years — and consequently he must be held to have continued serving the maximum term.— See
 
 Com. ex rel. Lynch v.
 
 Ashe, 320 Pa. 341, 182 A. 229;
 
 Kinsella v. Board of
 
 Trustees, 340 Pa. 497, 17 A. 2d 882.
 

 Acting under the erroneous practice above referred to the relator was paroled at the end of four and a half
 
 *356
 
 years, and while out of prison, under the name of Ernest LePine, he was indicted, tried and convicted to No. 219 December Sessions 1938, Berks County, of the crime of subornation of perjury, and was sentenced on March 15, 1939, to undergo imprisonment in the Eastern State Penitentiary for a period of not less than two years nor more than four years to be computed from completion of violation of parole.
 

 Under the law as declared in the cases cited above, the four and a half years served by the relator must be applied as follows: Three years to the sentence on No. 232 March Sessions 1930, and one and a half years on account of sentence on No. 233. He was illegally at liberty from August 24, 1934 to November 30, 1938, when he was arrested and committed to the Berks County jail to await trial on No. 219 December Sessions, 1938.
 

 On April 6, 1939, he was, after a hearing before the Board of Trustees of the Penitentiary, declared a parole violator and the Governor on April 13, 1939, issued his mandate directing that the relator be further imprisoned in the Eastern State Penitentiary until the expiration of the maximum of the original sentence or he be otherwise legally released.
 

 The remainder of relator’s original sentence of six years under No. 233 March Sessions 1930 will not expire until May 30, 1943, when he would start serving the sentence imposed under bill No. 219 December Sessions 1938 of two to four years.
 

 Under the ruling in
 
 Kinsella v. Board of Trustees,
 
 supra, the relator was entitled to apply for parole when he had served three years of his sentence under No. 233 March Sessions 1930, for his release on August 24, 1934 was without warrant of law. He had served one and a half years of that sentence when released on August 24, 1934, leaving one and a half years of the minimum yet to be served. This would expire, following his commitment to the Berks County jail, on May 30, 1940.
 
 *357
 
 Had he then applied for a parole and it had been granted, he would have started on his sentence for subornation of perjury and two years thereafter he might have been released on parole. But he did not do so, and we find no authority for the issuance
 
 nunc pro tuno
 
 of a constructive parole as of date of May 30, 1940. Relief beyond that hereinafter stated is a matter for the Board of Pardons. However, he is entitled to apply
 
 now
 
 for a parole under the sentence to No. 233 March Sessions, 1930, and if granted, lie Avill then start serving the sentence to No. 219 December Sessions 1938, and Avill be eligible for
 
 release on parole
 
 Avhen he has served the minimum term of that sentence, to wit, two years.
 

 It is so ordered.