James T. Cunningham, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, and Robert P. Kane, Attorney General, Respondents.

Submitted on briefs, September 1, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*James T. Cunningham,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 11, 1978:

A petition for review, filed by James T. Cunningham, petitioner, against the Pennsylvania Board of Probation and Parole (Board), seeks recomputation of the expiration date of the maximum term of one of his sentences in a state correctional institution.

The Board has filed preliminary objections in the nature of a demurrer.

This Court has ordered that the petition for review be treated as one addressed to our original jurisdiction and that the preliminary objections shall be submitted on briefs, which the parties have done.

Petitioner's averments, which we accept as correct for the sole purpose of this decision, state that in 1962 a judge of Philadelphia County sentenced petitioner, on a single occasion, to consecutive terms of five to ten years and four to eight years.[1]

Petitioner acknowledges the applicability, at the time of the sentencing in 1962, of Section 1 of the Act of June 25, 1937, P.L. 2093, *as amended,* now suspended,[2] which provided:

Whenever, after the effective date of this Act, two or more sentences to run consecutively are

---

[1] A third consecutive term, of two to five years, was also imposed at that time, but subsequently was ordered terminated, and therefore, like still another term imposed concurrently, does not figure in the computation at issue.

[2] Formerly 19 P.S. §897, suspended by Pa. R. Crim. P. 1415(c).

imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

Application of this section to the first two sentences resulted in an aggregate minimum term of nine years and an aggregate maximum term of eighteen years.

Petitioner submits, as his central issue, that aggregation under the above statute has deprived him of due process and equal protection of laws.

His view is that, if the same two sentences had been imposed by different judges at different times, the statute would not have been applicable to aggregate them thus, and the result would have been different; his argument apparently is that the distinction is without a rational basis.

Petitioner contends that, absent the aggregation of the minimum terms, parole could have been granted to him on the original five to ten year sentence at the end of the first five years, so that his second sentence of eight years could have had an expiration date just thirteen years after the original effective date, instead of eighteen years thereafter as mandated by the statute.

Petitioner's interpretation of the Act of 1937, that its aggregation approach applied only to consecutive sentences imposed at the same time by one court, is correct. *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 31, 20 A.2d 881, 884 (1941) expressly stated that interpretation.

In the same opinion, the Pennsylvania Superior Court also agreed that, where the aggregation provision of the Act of 1937 was *not* applicable, a prisoner

sentenced to two consecutive terms by different judges could have applied for parole at the end of the minimum term of the first sentence, and, if such a "constructive parole" had been allowed, could have immediately entered the minimum term of the second sentence while, at the same time, serving the balance of the maximum term of his first sentence. Thus, the final maximum term expiration date *could* occur earlier, as illustrated by petitioner's contention in this case, as a consequence of overlapping the balance of the first term with the second term.

Here petitioner, in specifically raising the question of equal protection, argues that, under this former law, when a defendant was sentenced by a single judge on a single occasion, the result reasonably should have been no different from that which arose when a different second judge expressly imposed a consecutive second sentence on a separate occasion.

This equal protection issue appears to be a question of first impression.

. The earlier decisions have settled only the substantive due process aspects of the Act of 1937. In reiterating the principles of *Commonwealth ex rel. Lycett v. Ashe, supra,* with respect to the aggregation provisions, this Court, in *Taylor v. Pennsylvania Board of Probation and Parole,* 36 Pa. Commonwealth Ct. 625, 388 A.2d 777 (1978), stated:

> This section was enacted to enable the Board to aggregate sentences for purposes of parole and to eliminate the requirement that a prisoner serving consecutive sentences apply for a 'constructive parole' before beginning to serve his next consecutive sentence.

The other purpose of the Act of 1937, as *Commonwealth ex rel. Lycett v. Ashe, supra,* pointed out, was to preserve, pending parole, the maximum terms of the sentences imposed, so that if the prisoner com-

mitted a crime while out on parole, he could be returned to serve the remainder of the maximum term without reduction—adding:

> But this is only in accordance with the original sentences imposed on him, which contemplated that he should serve the maximum terms of his sentence unless his conduct in the penitentiary justified his parole and his conduct on parole was not marred by crime, and does not amount to an increase of those sentences.

145 Pa. Superior Ct. at 32, 20 A.2d at 884.

Such a due process evaluation of the Act of 1937 is consistent with the other decisions upholding its validity. *Commonwealth ex rel. Tiscio v. Martin,* 180 Pa. Superior Ct. 462, 120 A.2d 307 (1956); *Commonwealth ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A.2d 760 (1953).

However, as to the equal protection issue, which the Commonwealth's brief does not address, we would be left to grapple with the rationality or irrationality of a statutory distinction which allowed the possible overlapping where two judges were involved and prevented it where one judge had unified responsibility, were it not for the fact that the question has been raised too late to have any practical or legal effect on petitioner's original 1962 sentence.

From the Certificate of the Chairman of the Board, we are informed that, with an original effective date of April 7, 1961, the reduced maximum expiration date of the *aggregated* sentences would be April 7, 1979. Petitioner's brief agrees with the arithmetic of the computation, although not the legal basis.

However, even if *not* aggregated, the consecutive ten and eight year maximums would still reach to April 7, 1979.

There could have been an overlapping to reduce that maximum date only if petitioner had been pa-

roled as to the first sentence after five years and before ten years, *i.e.*, before April 7, 1971, when the eight-year sentence began.

The matter comes before us too late because petitioner received no parole until April 19, 1972 (and, after recommitment for violations, again in 1973 and 1976).

Therefore, the overlapping did not occur and the *unaggregated* maximum expiration date remains the same, April 7, 1979.

Moreover, the Board chairman's certificate indicates that Board action as to petitioner, at a State Correctional Institution, is "Continue on parole, in confinement, to new sentence only," and that, accordingly, his present confinement is under a subsequent sentence of five to ten years, effective April 2, 1977, with a minimum of April 2, 1978 and a maximum of April 2, 1987.

We read this state of the record to leave petitioner eligible for release on parole after April 2, 1982.

Therefore, we will sustain the preliminary objections of the Board and dismiss the petition.

ORDER

AND Now, this 11th day of December, 1978, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained, and the petition for review is dismissed.