Robert Allen Ray, Petitioner *v.* James H. Howard, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania 15233 and Pennsylvania Board of Pardons and Parole, Respondents.

Submitted on briefs, August 31, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Robert Allen Ray,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondents.

Opinion by Judge DiSalle, January 4, 1979:

On March 13, 1978, Robert Allen Ray (Petitioner), filed in this Court a Complaint in Mandamus which we have treated as a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure. On May 11, 1978, the Board of Probation and Parole (Board) filed an answer to said petition, along with new matter, verifying its factual allegations by attaching a certificate of the Chairman of the Board. Petitioner filed a reply and new matter to said answer on May 22, 1978. He then filed preliminary objections, alleging that the Board's failure to attach an official seal to the Chairman's certificate rendered

said certificate defective. We dismissed those objections. On July 6, 1978, Petitioner filed a motion for summary judgment and on August 21, 1978, the Board filed a cross-motion for summary judgment. These motions are presently before us.

The facts are as follows. On May 19, 1964, Judge TROUTMAN of the Court of Common Pleas of Philadelphia County, sentenced Petitioner to two consecutive terms of two and one-half to five years each for the offense of robbery, with an effective date of October 16, 1963, a minimum date of October 16, 1968, and a maximum expiration date of October 16, 1973. On January 8, 1965, Judge CURRAN of the Court of Common Pleas of Delaware County, sentenced Petitioner to two consecutive terms of five to ten years each for robbery by assaultive force.

At this point, the allegations become conflicting. The Board claims that on July 4, 1968, it offered Petitioner a parole application which he refused to complete, and that a few weeks later, he advised it that he was not applying for parole. It claims further that on November 4, 1971, following an interview with Petitioner, and his completion of a parole application, it paroled Petitioner for re-entry pursuant to the Delaware sentence. Petitioner, however, refused to complete his parole release papers, requesting that he be paroled to the street as opposed to being paroled solely for re-entry. In view of what the Board characterized as Petitioner's negative interest in parole, it then rescinded its earlier parole action and declared that Petitioner serve the maximum term on the Philadelphia County sentences. That made the effective date of the Delaware County sentences October 16, 1973, with a minimum date and eligibility for parole on October 16, 1983, and a maximum expiration date of October 16, 1993.

562

Petitioner denies that he refused to complete a parole application. Furthermore, he contends that the Board led him to believe that pursuant to Section 1 of the Act of June 25, 1937 (Act), P.L. 2093, *as amended*, 19 P.S. §897, repealed by Pa. R. Crim. P. 1415, it had combined the minimum of all four sentences, rendering him ineligible for parole until October 16, 1978,[1] and that, therefore, he need not apply until then. Accordingly, he asks that the Board be directed to amend its records to show that he was eligible for parole consideration on or before October 16, 1978.

The law on this matter is clear. Prior to the Act of 1937, an individual given consecutive sentences at the same time and by the same court had to apply for constructive parole[2] at the expiration of each minimum sentence, or be held to have continued serving the maximum term. *Commonwealth ex rel. Morgan v. Smith*, 146 Pa. Superior Ct. 354, 22 A.2d 228 (1941). Assuming constructive parole was granted each time, the prisoner would become eligible for actual parole, that is, release from prison, upon serving the sum of all the minimum sentences. Section 1 of the Act[3] eliminates the requirement that a prisoner

---

[1] Adding the two Philadelphia County minimum sentences of two and one-half years each to the two Delaware County minimum sentences of 5 years each results in an aggregate minimum sentence of 15 years, which when added to the effective date of October 16, 1963, gives a minimum expiration date of October 16, 1978.

[2] Constructive parole differs from actual parole in that rather than actually releasing the parolee from prison, it merely frees him to begin serving the next consecutive sentence. In effect, he is simultaneously serving the remainder of the maximum term of the first sentence and the minimum term of the second.

[3] Section 1 reads as follows:

Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the

serving consecutive sentences apply for constructive parole at the expiration of each minimum sentence. Instead, he need only apply at the expiration of the sum of all minimum sentences.

Petitioner argues that Section 1 of the Act requires the Board to aggregate both the Philadelphia and Delaware sentences and arrive at a total minimum sentence of 15 years, with eligibility for parole commencing on October 16, 1978. If it is true that Petitioner first became eligible for parole in 1978, his failure to apply in 1968 would not result in his being held to have continued serving the maximum term on the Philadelphia County sentences. Unfortunately for Petitioner, the case of *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941), states specifically that the Act only applies to consecutive sentences imposed at the same time by the same court. We affirmed that interpretation in *Cunningham v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 229, 394 A.2d 1315 (1978). Therefore, the Board correctly aggregated only the Philadelphia County sentences, determining that Petitioner became eligible for parole on October 16, 1968.

If Petitioner failed to apply for parole, then according to *Morgan, supra,* he must be held to have served the maximum 10 year term of the Philadelphia County sentences, before beginning the Delaware County sentences on October 16, 1973. We hold that the Board acted properly in this matter and that Petitioner's failure to apply for parole renders him ineligible for parole until October 16, 1983. His bald assertion that the Board misled him does not justify his failure to apply. This is especially true in light

total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

564

of the fact that the Board on one occasion granted him parole but rescinded it after he refused to sign parole conditions. His statement that he refused to sign because he believed the Board should have paroled him to the street rather than for re-entry does not excuse his total lack of cooperation with the Board. We will grant the Board's motion.

ORDER

AND Now, this 4th day of January, 1979, it is ordered that the motion for summary judgment filed by the respondent, Pennsylvania Board of Probation and Parole, is hereby granted, and judgment is entered for the respondent. The motion for summary judgment filed by Robert Allen Ray is hereby denied.