Michael Keith, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John H. Chronister,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 25, 1983:

Michael Keith (prisoner) invokes this Court's original jurisdiction[1] and asks for relief in the nature of a writ of mandamus to compel the Pennsylvania Board of Probation and Parole (Board) to recompute his maximum sentence date.

On August 18, 1972, the prisoner was sentenced in the Court of Common Pleas of York County to a term of not less than three (3) nor more than six (6) years. On September 25, 1972, he was sentenced in the same court to a term of not less than two (2) nor more than five (5) years. The judge at the second (September) sentencing hearing, stated that the second sentence would begin at the expiration of the first sentence imposed in August, or in other words, the sentences were to be served consecutively. The sentences, however, were later aggregated so as to become a five to 11 year sentence, effective August 18, 1972 with a minimum date of August 18, 1977 and a maximum of August 18, 1983. The prisoner was paroled on July 20, 1978, but was later returned to prison as a parole violator after a new offense was committed in 1981.

The prisoner argues that the sentences were improperly aggregated and therefore his maximum date should be recomputed. The applicable statute at the time of sentencing, Section 1 of the Act of June 25, 1937, P.L. 2093, *as amended*, 19 P.S. §897[2] provided:

Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits

---

[1] Section 761 of the Judicial Code, 42 Pa. C. S. §761.

[2] Now suspended by Pa. R. Crim. P. 1415(c).

of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

The statute, as interpreted by the Superior Court in *Commonwealth ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941), is applied only to consecutive sentences imposed *at the same time* by the same court. This Court has reaffirmed that interpretation in *Cunningham v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 229, 394 A.2d 1315 (1978) and *Ray v. Howard*, 39 Pa. Commonwealth Ct. 559, 395 A.2d 1038 (1979). Here, the sentences were imposed on two separate dates and therefore the sentences were as the prisoner alleges, improperly aggregated. In *Cunningham*, this Court stated that:

> [W]here the aggregation provision of the Act of 1937 was *not* applicable, a prisoner sentenced to two consecutive terms by different judges could have applied for parole at the end of the minimum term of the first sentence, and, if such a "constructive parole" had been allowed, could have immediately entered the minimum term of the second sentence while, at the same time, serving the balance of the maximum term of his first sentence. Thus, the final maximum term expiration date *could* occur earlier, as illustrated by petitioner's contention in this case, as a consequence of overlapping the balance of the first term with the second term.

*Id.* at 231-32, 394 A.2d at 1316. (Emphasis in original.)

Having concluded that the sentences were unlawfully aggregated, the question of how to fashion relief remains. The prisoner would have us rule that, at the expiration of the first minimum sentence, he would have begun to serve the second term, employing

the concept of constructive parole. *Cunningham*. And, as the argument progresses, he suggests that we should hold that his maximum parole date would be August 18, 1980 and that we should, therefore, order his immediate release. We, however, nearly ten years after the aggregation, cannot now attempt to redress the problem in this manner.

The Board has broad discretion in its administration of the parole laws. *See Commonwealth v. Vladyka*, 425 Pa. 603, 229 A.2d 920 (1967)[3] We do not know whether or not the Board would have granted the prisoner a constructive parole in August of 1975, which was when the first minimum expired. We note in passing, too, that the prisoner was denied parole in September of 1977 and was not actually released on parole until July of 1978. This provides us only a brief glimpse into the prisoner's confinement record, but lends some support to the position that the prisoner would not have been granted constructive parole, aggregation vel non.

Mandamus is a high prerogative writ, designed to compel the performance of a ministerial act, where there exists a clear legal right in the party seeking the

---

[3] In *Ashe*, the Superior Court stated, with regard to the effect of minimum and maximum sentences, that:

> [i]t must be remembered that the maximum sentence imposed is the legal and valid sentence, if within the limit prescribed by the legislature, and the minimum sentence is "merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified [release] be determined". Com. v. Kalck, supra, 239 Pa. pages 541, 542, 87 A. page 64. See, also, 24 C.J.S., Criminal Law, p. 204, §1622; Ex. parte Parker, 106 Mo. 551, 17 S.W. 658.

*Id.* at 29-30, 20 A.2d at 883.

writ, a corresponding duty in the party opposing the writ, and a want of any other adequate, appropriate remedy. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980); *County of Mifflin v. Mifflin County Airport Authority*, 63 Pa. Commonwealth Ct. 56, 437 A.2d 781 (1981). The remedy of mandamus will not be granted in doubtful cases, *id.*, is not a matter of right, and is only granted in the exercise of sound judicial discretion. *Duncan Townsite Co. v. Lane*, 245 U.S. 308 (1917). Moreover, although the action in mandamus lies on the law side of the court, equitable principles guide the Court in deciding whether or not the writ should be issued. *City of Pittsburgh v. Department of Transportation*, 490 Pa. 264, 416 A.2d 461 (1980).

Mandamus must also, similar to most remedies governed by equitable principles, be sought with reasonable diligence. *Goodman v. Meade*, 162 Pa. Superior Ct. 587, 60 A.2d 577 (1948). *See also United States v. Olds*, 426 F.2d 562 (3d Cir. 1970); *13th Regional Corp. v. Department of Interior*, 654 F.2d 758 (D.C. Cir. 1980) (reasonable promptness). Here the crucial events, the aggregation in 1972 and the expiration of the first minimum sentence in 1975, occurred nearly a decade ago. Had the prisoner sought a remedy then, perhaps one could have been fashioned. This Court, however, cannot go back and decide now whether or not the prisoner should have been paroled in 1975 nor can we now order the Board to do so. Mandamus will not issue where the writ would be ineffectual by reason of the respondent's inability to comply therewith. *Commonwealth ex rel. McLaughlin v. Erie County*, 375 Pa. 344, 100 A.2d 601 (1953).

We will, therefore, dismiss the petition.

## ORDER

AND Now, this 25th day of August, 1983, the petition for relief in the nature of a writ of mandamus in the above-named matter is hereby dismissed.