Joseph Jamieson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge CRUMLISH, JR. and Judges COLINS and BLATT, sitting as a panel of three.

*Joseph Jamieson,* petitioner, for himself.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 10, 1984:

Joseph Jamieson (petitioner) filed a petition for review in the nature of mandamus addressed to our original jurisdiction, claiming that the aggregation of the minimum and maximum terms of his 1970 criminal convictions pursuant to Section 1 of the Act of June 25, 1937[1] denied him equal protection under the fourteenth amendment to the United States Constitution. He asked us to compel the Board of Probation and Parole (Board) to reinstate his original consecutive sentences. The Board answered with preliminary objections to the timeliness[2] of the petition for review and to its sufficiency.

We will treat the Board's challenge to the sufficiency of the complaint as a preliminary objection in the nature of a demurrer. *Brown v. T. W. Phillips Gas & Oil Co.*, 365 Pa. 155, 74 A.2d 105 (1950) ; *see also* 5 Standard Pennsylvania Practice 2d §25:59. And, of course, as such, the preliminary objection admits as true all well-pleaded, material and relevant facts and such inferences as are reasonably deducible from those facts. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976). In ruling on a preliminary objection in

---

[1] P.L. 2093, *formerly* 19 P.S. §897, repealed by Section 2(a) [1202] of the Act of April 28, 1978, P.L. 202. Section 1 formerly provided that:

Wherever, after the effective date of this Act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentence.

19 P.S. §897.

[2] The Board appears to have dropped its preliminary objection to the timeliness of the petitioner's complaint by failing to argue the objection in its brief.

the nature of a demurrer our decision must be, based *only* upon the facts averred, whether or not the pleading is sufficient to entitle the petitioner to relief. *Id.*

Here, the petitioner alleges: that on June 2, 1970, he was sentenced to a term of ten (10) to twenty (20) years at No. 468-1970; that on the same day he was further sentenced to a term of five (5) to ten (10) years at No. 466-1970; that these two sentences were to be served consecutively; and that, when he reached the State Correctional Institution at Pittsburgh, his sentences were aggregated to a term of fifteen (15) to thirty (30) years pursuant to Section 1 of the Act of June 25, 1937, *formerly* 19 P.S. §897. He asks us, therefore, to conclude that his equal protection rights have been violated.

The Board argues that the petition for review fails to state a cause of action upon which relief may be granted, noting that an Act of Assembly may be declared unconstitutional only where it clearly violates the Constitution. We believe that the Board's argument addresses the merits of petitioner's complaint not its sufficiency. And we, therefore, are unable to address this argument in responding to preliminary objections.

The Board further submits that the petitioner was not adversely affected by the aggregation of his minimum and maximum terms. It appears to be contending that, because the petitioner has already served beyond the minimum of either of his two separate sentences, he is not presently being harmed by the aggregation. Additionally, the Board argues that the petitioner never applied for parole at the completion of either individual minimum sentence and that, even if he did, the Board is not obligated to grant parole.

First, we must note that this Court has already held in *Ray v. Howard,* 39 Pa. Commonwealth Ct. 559, 395 A.2d 1038 (1979), that aggregation of consecutive

sentences pursuant to Section 1 of the Act of June 25, 1937, *formerly* 19 P.S. §897 "eliminates the requirement that a prisoner serving consecutive sentences apply for constructive parole at the expiration of each minimum sentence. Instead, he need only apply at the expiration of the sum of all minimum sentences." *Id.* at 563, 395 A.2d at 1040. And, of course, the petitioner here has not yet served his minimum aggregated sentence. Furthermore, we believe that the petitioner has alleged harm in his petition for review.

In *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 31, 20 A.2d 881, 884 (1941), the Pennsylvania Superior Court held that the aggregation mandated by Section 1 of the Act of June 25, 1937, *formerly* 19 P.S. §897 applied "only to two or more consecutive sentences imposed at the same time by one court." In other words, if two individuals were convicted of two identical crimes and one of them was sentenced to two ten-year consecutive prison terms on the *same* day by *one* court and the other was sentenced to two ten-year prison terms on *different* days in *different* courts, the first individual's sentences would be aggregated while the latter's would run consecutively.

Aggregation of consecutive sentences affects the final maximum term expiration date, *i.e.* the date on which parole ends. *Lycett* and *Cunningham v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 229, 394 A.2d 1315 (1978). The effect can be demonstrated by comparing this petitioner's hypothetical final expiration date for his aggregated sentences with what that final date would be if his sentences had not been aggregated. If upon completion of his minimum aggregated term of fifteen years the petitioner is paroled, and we assume no parole violations on his part, he will be discharged at the expiration of fifteen years on parole. His final maximum

term expiration date, therefore, would occur sometime in June, 2000.

In comparison, if the petitioner here had received identical sentences on different dates in different courts, he would have been eligible for parole after serving the minimum five-year term of his sentence at No. 466-1970, and, assuming that parole was granted, he would then have begun to serve the minimum ten-year term of his sentence at No. 468-1970. An "overlap" of five years, therefore, would exist while he constructively completed the balance of his sentence at No. 466-1970 and commenced the minimum term of his sentence at No. 468-1970. The "overlap" causes a reduction of the petitioner's final maximum term expiration date from June, 2000 (aggregated sentences) to June, 1995 (consecutive sentences) in the following manner: if the petitioner received parole at the completion of his minimum ten-year term at No. 468-1970, and we again assume no parole violations on his part, he would be discharged at the completion of *ten years* on parole. His combined maximum sentence would thus be reduced from thirty years to twenty-five years *only* because he was sentenced on two different days by two different courts. Essentially, the petitioner here would have benefited from committing criminal offenses in two different counties because his sentences then would have undoubtedly been issued from two courts and would not have been aggregated pursuant to Section 1 of the Act of June 25, 1937, *formerly* 19 P.S. §897.

The petitioner's equal protection challenge to Section 1 of the Act of June 25, 1937, *formerly* 19 P.S. §897 does not appear to be moot here as was an identical claim raised in *Cunningham v. Pennsylvania Board of Probation and Parole,* 69 Pa. Commonwealth Ct. 25, 450 A.2d 270 (1982) nor does it appear that the petitioner's final maximum expiration date would be

the same regardless of whether or not his sentences were aggregated as was the case in *Cunningham v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 229, 394 A.2d 1315 (1978). We believe, therefore, that the petitioner's petition states a cause of action.

We will, therefore, overrule the Board's preliminary objections.

### ORDER

AND Now, this 10th day of July, 1984, we hereby dismiss the preliminary objections raised by the Pennsylvania Board of Probation and Parole in the above-captioned matter.