Gary Lee Alexander, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Shelley Stark,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge Palladino, September 10, 1984:

Gary Lee Alexander (Petitioner) appeals here from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief seeking recomputation of his sentence.[1]

On October 23, 1974, Judge Sawyer of the Court of Common Pleas of Beaver County sentenced Petitioner to a term of not less than one (1) nor more than three (3) years. Also on October 23, 1974, Judge Rowley of the same court revoked a previously deferred sentence[2] and sentenced Petitioner to a term of not less than one (1) nor more than three (3) years. Judge Rowley stated that the second sentence was "to be served consecutively to and commence at the expiration of the sentence imposed . . . by Judge Sawyer." The sentences, however, were later aggregated so as to become a two to six year sentence, effective April 13, 1974 with a minimum date of April 13, 1976 and a maximum of April 13, 1980. Petitioner was paroled on December 7, 1976, but was later returned to prison as a parole violator after a new offense was committed in 1979. Being a convicted parole violator, Petitioner was not given credit for street time, and accordingly his maximum term expiration date was extended to September 29, 1982.[3]

---

[1] In his brief Petitioner claims that he is appealing from the Board's March 24, 1983 order denying his request for recomputation of his sentence and the Board's May 23, 1979 order recommitting him as a technical parole violator. Inasmuch as Petitioner's appeal from the May 23, 1979 order is clearly untimely, we need not address the propriety of that order. See 42 Pa. C. S. §5571(b).

[2] In lieu of sentence, Petitioner had been placed on probation for a period of three (3) years.

[3] As a result of these convictions, Petitioner was also sentenced to consecutive terms of two (2) to four (4) years and one (1) to two and one-half (2 1/2) years.

Petitioner contends that the sentences were improperly aggregated and therefore his maximum date should be recomputed. The applicable provision at the time of sentencing, Pa. R. Crim. P. 1406(b),[4] provided:

Whenever two or more sentences are imposed on a defendant to run consecutively, there shall be deemed to be imposed upon such defendant, unless otherwise stated by the judge, a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentence.

The predecessor to this provision, Section 1 of the Act of June 25, 1937, P.L. 2093, *as amended,* 19 P.S. §897,[5] was interpreted by the Superior Court in *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941), to apply only to consecutive sentences imposed at the same time by the same court. This interpretation has since been reaffirmed by this Court in *Cunningham v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 229, 394 A. 2d 1315 (1978) and *Ray v. Howard,* 39 Pa. Commonwealth Ct. 559, 395 A.2d 1038 (1979). It is our view that the language "unless otherwise stated *by the judge*" (emphasis added) also mandates that this provision be applicable only to consecutive sentences

---

[4] This provision has since been replaced by 18 Pa. C. S. §1357.

[5] Suspended by Pa. R. Crim. P. 1415(c) as being inconsistent with Pa. R. Crim. P. 1406(b). This statute provided:

Whenever, after the effective date of this Act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

imposed at the same time by the same court.[6] Here, the sentences were not imposed simultaneously. Thus, the sentences were, as Petitioner alleges, improperly aggregated.

As stated by this Court in *Cunningham*, the significance of not having sentences aggregated is that:

[A] prisoner sentenced to two consecutive terms by different judges could have applied for parole at the end of the minimum term of the first sentence, and, if such a "constructive parole" had been allowed, could have immediately entered the minimum term of the second sentence while, at the same time, serving the balance of the maximum term of his first sentence. Thus, the final maximum term expiration date *could* occur earlier, as illustrated by petitioner's contention in this case, as a consequence of overlapping the balance of the first term with the second term. (Emphasis in original.)

*Id.* 39 Pa. Commonwealth Ct. 231-32, 394 A.2d at 1316.

Employing this concept of "constructive parole", Petitioner asserts that at the expiration of his minimum sentence on April 13, 1975, he would have begun to serve the second term. The result would be a maximum parole date of April 13, 1978. Thus, Petitioner argues that upon being convicted again in 1979, he should not have been recommitted as a parole violator but instead should have begun to serve the new sentences imposed for those crimes.

The flaw in Petitioner's argument is that we do not know whether the Board would have granted him

---

[6] This interpretation is further buttressed by the draftsmen's comment to the current version of Pa. R. Crim. P. 1406 which reads: "The 1974 amendment deleted the original second paragraph of this Rule, dealing with the *simultaneous imposition of two or more sentences.*" (Emphasis added.)

a constructive parole in April of 1975, which was when the first minimum term expired. As it was, Petitioner was not actually released on parole until eight months after the expiration of his aggregated minimum term. Moreover, inasmuch as the aggregation and the expiration of the first minimum sentence occurred nearly a decade ago, at which time a remedy perhaps could have been sought, this Court will not now order the Board to go back and decide whether Petitioner should have been paroled in 1975. *See Keith v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 544, 464 A.2d 659 (1983).

Accordingly, the Board's order is affirmed.

ORDER

AND Now, September 10, 1984, the order of the Pennsylvania Board of Probation and Parole, dated May 24, 1983, is affirmed.