Michael FORBES, Petitioner

v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS and Pennsylvania
Board of Probation and Parole, Re-
spondents.

Commonwealth Court of Pennsylvania.

Submitted June 8, 2007.

Decided July 19, 2007.

Leonard Sosnov, Wyndmoor, for petitioner.

Vincent R. Mazeski, Asst. Counsel and Suzanne Hueston, Chief Counsel, Camp Hill, for respondent, Department of Corrections.

Alan M. Robinson, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent, Board of Probation and Parole.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Pennsylvania Department of Corrections (Department) and the Pennsylvania Board of Probation and Parole (Board) have filed preliminary objections to the petition for review filed by Michael Forbes (Forbes) in this court's original jurisdiction. Forbes has filed an application for summary relief. We deny Forbes summary relief, sustain the preliminary objections and dismiss the petition.

On February 19, 1981, Forbes received a sentence of ten-to-twenty years in prison for rape, effective February 23, 1980, with a parole eligibility date of February 23, 1990, and a maximum sentence date of February 23, 2000 (Sentence 1). On February 11, 1982, Forbes received a consecutive sentence of seven-to-fifteen years in prison for rape (Sentence 2). (Petition, ¶¶ 4–5.)

On February 23, 1991, the Board paroled Forbes on Sentence 1 to begin serving Sentence 2. The Board's records with respect to Sentence 2 reflected that Forbes would be eligible for parole on February 23, 1998, and that Forbes' maximum date was February 23, 2006. Following the Board's grant of parole, the Department commenced the running of Sentence 2. (Petition, ¶¶ 7–8.)

On February 23, 2000, Forbes completed serving Sentence 1. The Board and the Department informed Forbes that he was serving only Sentence 2 and that Sentence 2 would expire on February 23, 2006. However, on February 23, 2006, the Department did not release Forbes from prison. (Petition, ¶¶ 9–10, 12.)

On February 24, 2006, the Department aggregated Sentence 1 and Sentence 2,

resulting in a total sentence of seventeen to thirty-five years, with a parole eligibility date of May 21, 1997, and a maximum sentence date of May 21, 2015. The Department determined that the Board erroneously paroled Forbes on February 23, 1991, and that the Board "will" rescind that parole. (Petition, ¶ 13.) In accordance with the Department's decision, the Board rescinded the grant of parole it had issued for Forbes fifteen years previously. (Petition, ¶¶ 13–14.)

Forbes subsequently filed a mandamus petition in this court's original jurisdiction, seeking an order: (1) directing the Department to un-aggregate the sentences and release Forbes from custody; and (2) directing the Board to vacate its rescission of the February 1991 parole and cease exercising jurisdiction over Forbes. Forbes contends that the Department's aggregation of his sentences after he had completed serving both sentences violates his rights under state law, his right to due process and his double jeopardy rights. (Petition at 5–6.) Forbes' application for summary relief and the preliminary objections of the Department and Board are now before this court for disposition.

## I. Jurisdiction

### A. *Habeas Corpus*

The Department and Board contend that Forbes is seeking *habeas corpus* relief, i.e., immediate release from prison; therefore, this court lacks original jurisdiction over the matter.[1] We disagree.

Here, Forbes is challenging the aggregation of his sentences, and the relief he seeks is an order directing the Department to un-aggregate his sentences. (Petition at 6.) In *Gillespie v. Department of Corrections*, 106 Pa.Cmwlth. 500, 527 A.2d 1061, 1064 (1987), *appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988), this court stated that "the proper method by which a prisoner could challenge the aggregation of his sentences was through a mandamus action." Thus, Forbes properly filed a mandamus action in this court's original jurisdiction.[2]

### B. Failure to Appeal

The Department and the Board also contend that this court lacks jurisdiction over Forbes' claim against the Board because Forbes failed to appeal the rescission of the Board's 1991 grant of parole. We disagree.

This court's appellate jurisdiction over a decision of the Board does not attach until the Board has entered a final appealable order and an appeal has been taken from that order. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945 (Pa.Cmwlth.), *appeal denied*, 556 Pa. 696, 727 A.2d 1123 (1998).

Here, Forbes does **not** allege that the Board issued a final appealable order rescinding the 1991 parole. Forbes alleges only that the Department decided that the Board "will" rescind the 1991 parole, and the Board complied. (Petition, ¶¶ 13–14.) The Board admits, "[Forbes] does not allege that the Board did anything other

---

1. Subsection 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), states that this court has original jurisdiction of all civil actions against the Commonwealth of Pennsylvania, except actions "in the nature of applications for a writ of habeas corpus … not ancillary to proceedings within the appellate jurisdiction of the court."

2. It is true that Forbes also seeks an order directing the Department to immediately release him from custody. However, this request for relief is superfluous because, even without such a request, if Forbes were to prevail on the aggregation issue, the Department would be required to release him.

than adjust its records to reflect the information provided by the Department." (Board's brief at 6.) Thus, in his brief, Forbes correctly asserts that there was no rescission order for him to appeal. (Forbes' brief at 10.) Absent an appealable order, Forbes was not required to challenge the 1991 parole rescission in this court's appellate jurisdiction.

## II. Mandamus

▇ Mandamus is designed to compel the performance of a ministerial act where there exists a clear legal right in the party seeking the writ, a corresponding duty in the party opposing the writ and a want of any other adequate and appropriate remedy. *Keith v. Pennsylvania Board of Probation and Parole,* 76 Pa.Cmwlth. 544, 464 A.2d 659 (1983).

### A. Aggregation of Consecutive Sentences

The Department argues that Forbes fails to state a cause of action in mandamus, asserting that Forbes does not have a clear legal right to have the Department un-aggregate his sentences; in fact, the Department asserts that it had a duty to aggregate the consecutive sentences. We agree.

▇ In *Gillespie,* 527 A.2d at 1065, this court held that, once a sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is "automatic and mandatory" under section 9757 of the Sentencing Code.[3] Thus, the Department had a mandatory duty to aggregate Forbes' consecutive sentences.

In his brief, Forbes concedes that the aggregation of his sentences was "legally correct." (Forbes' brief at 14–15.) However, Forbes states, "The issue in this case is not whether the law required the sentences to be aggregated in 1982, or whether parole was unlawfully granted in 1991. The only issue is whether government agencies can aggregate fully served sentences after an extraordinarily lengthy unjustified prejudicial delay." (Forbes' brief at 12.) In other words, in terms of the mandamus action, Forbes contends that he has a clear legal right to an improper sentence and that the Department has a corresponding duty to ignore its mandatory duty. Forbes provides several legal grounds for this proposition, but none are persuasive.

### 1. Reasonable Diligence

▇ Forbes argues that the Department is barred from performing its mandatory duty because the Department failed to perform it with reasonable diligence. (Forbes' brief at 14–15.) In making this argument, Forbes relies on *Keith.*[4] However, *Keith* is not applicable here.

In *Keith,* an inmate received two consecutive sentences in 1972, which were aggregated. About ten years later, the inmate filed a mandamus action in this court's original jurisdiction, arguing that the sentences were improperly aggregated. This court concluded that the inmate was correct and that the sentences should not have been aggregated. However, this court then stated that **mandamus** is governed by equitable principles and, thus, **must be sought with reasonable diligence.** Because the inmate waited nearly

---

**3.** 42 Pa.C.S. § 9757. Under section 9757 of the Sentencing Code, when a court determines that a sentence should be served consecutively to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses.

**4.** Forbes also relies on *Alexander v. Pennsylvania Board of Probation and Parole,* 85 Pa. Cmwlth. 111, 481 A.2d 368 (1984), which cites *Keith.*

ten years to seek mandamus, this court found that it could not provide the requested relief. *Id.* Here, Forbes would have this court impose the reasonable diligence requirement on the Department, but, under *Keith,* the requirement applies only to parties seeking mandamus relief. The Department is not the party seeking mandamus relief in this case.

### 2. Continuous Sentence

■ Forbes argues that the Department is barred from performing its mandatory duty because performing it would deprive Forbes of his right to serve Sentence 1 continuously rather than in installments.[5] (Forbes' brief at 15–16.) In making this argument, Forbes relies on *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991); *Jacobs v. Robinson,* 49 Pa.Cmwlth. 194, 410 A.2d 959 (1980); and *Robinson v. Department of Justice,* 32 Pa. Cmwlth. 77, 377 A.2d 1277 (1977). However, none of these cases applies here.

■ In *Kriston,* prison authorities erroneously released a prisoner to serve a sentence of imprisonment on electronic home monitoring. The prisoner applied for parole at the expiration of his minimum sentence, but he was denied credit towards his minimum sentence for the time he spent on electronic home monitoring. The prisoner appealed. Our supreme court stated that "a prisoner has a right to serve his sentence continuously rather than in installments, and ... inasmuch as the erroneous release was attributable to prison authorities rather than to any wrongdoing by the prisoner, the prisoner was entitled to credit for the time in question." *Id.* at 97, 588 A.2d at 901.

In *Jacobs,* prison authorities released an inmate from prison as a result of a clerical error. When prison authorities discovered the error, they obtained a warrant to arrest the inmate for escape. The inmate was taken into custody, and the records officer at the prison denied him credit for the time he spent at large as an escapee. On appeal, this court stated that the prisoner could not be classified as an escapee. This court then stated that the prisoner had the right to serve a sentence continuously and could not be compelled to serve a sentence in installments. Because the inmate was not an escapee, but, rather, was inadvertently released by prison authorities, this court held that the inmate was entitled to credit for the time he was in the community. *Id.*

In *Robinson,* an inmate participating in a work-release program failed to return to custody. Prison authorities obtained a warrant charging him with escape, and the inmate was apprehended. The records officer at the prison denied the inmate credit for the time during which he was at large as an escapee. On appeal, this court stated that, although a prisoner has the right to serve a sentence continuously and cannot be compelled to serve a sentence in installments, the act of escape tolls the running of the sentence and allows the sentence to be extended. *Id.*

■ These cases indicate that a prisoner has the right to serve a sentence continuously rather than in installments, but a continuous sentence may be interrupted by some fault of the prisoner. *See McDonald v. Lee,* 217 F.2d 619 (5th Cir.(Tex.), 1954), *vacated as moot,* 349 U.S. 948, 75 S.Ct. 893, 99 L.Ed. 1274 (1955). The principle is applicable where prison authorities erroneously release a prisoner from prison and then deny the prisoner credit for the time spent outside prison. Here, prison authorities did not erroneously release Forbes

---

5. Forbes contends that he served a portion of Sentence 1 prior to the 1991 parole, and the aggregation requires that he serve the rest of Sentence 1 now.

from prison, and Forbes is not seeking credit for time he spent outside prison. Thus, the cases do not apply here.

### 3. Equitable Estoppel

■■■■ Forbes argues that the Department is equitably estopped from performing its mandatory duty.[6] (Forbes' brief at 16.) We disagree.

■■■ The general rule is that estoppel against the Commonwealth will not lie where the acts of its agents contravene statutory law. *Borkey v. Township of Centre*, 847 A.2d 807 (Pa.Cmwlth.2004). To do so would be tantamount to amending the statute. *Id.* However, our supreme court has stated that this rule cannot be slavishly applied where doing so would result in a fundamental injustice. *Chester Extended Care Center v. Department of Public Welfare*, 526 Pa. 350, 586 A.2d 379 (1991). Here, were the Department to fail to aggregate Forbes' sentences, the Department would violate section 9757 of the Sentencing Code. Moreover, it is not fundamentally unjust for Forbes to serve the sentence that he actually received under the law.

### 4. Due Process

■■■■ Forbes argues that the Department is barred from performing its mandatory duty because performing it would violate Forbes' right to due process, which protects individuals from government conduct that shocks the conscience and from fundamental unfairness. However, the Department's correction of its error does not shock the conscience. Forbes does not allege that the Department delib-

erately misled Forbes to torment him. The Department simply made a mistake and did not realize it until the Department prepared for Forbes' release at the expiration of his erroneous maximum date. Moreover, it is not fundamentally unfair to allow the Department to correct its error and to require that Forbes serve the sentence he actually received.

### 5. Double Jeopardy

■■■ Forbes argues that the Department is barred from performing its mandatory duty because performing it would violate Forbes' double jeopardy rights, which protect individuals with a legitimate expectation of the finality of a sentence. We disagree.

■■■ The constitutional prohibition against double jeopardy protects an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In this respect, double jeopardy preserves the finality of an original sentence. *Id.* Here, however, no court altered Forbes' original sentence; the Department simply re-calculated his sentence to correct an error.

### B. Rescission of Parole

■■■ The Board argues that Forbes does not state a mandamus action against the Board because the Department, not the Board, is responsible for calculating the sentences of prisoners committed to its jurisdiction. *Nickson v. Pennsylvania Board of Probation and Parole*, 880 A.2d 21 (Pa.Cmwlth.2005). Moreover, once the

---

**6.** The doctrine of equitable estoppel may be applied to a Commonwealth agency when the party asserting estoppel establishes that: (1) the agency negligently misrepresented a material fact; (2) the agency knew or had reason to know that the party would justifiably rely on the misrepresentation; and (3) the party acted to his or her detriment by justifiably relying on the misrepresentation. *Carroll v. City of Philadelphia, Board of Pensions and Retirement Municipal Pension Fund*, 735 A.2d 141 (Pa.Cmwlth.1999).

Department aggregated Forbes' consecutive sentences and established a minimum sentence date in 1997, the Board's grant of parole in 1991 became a nullity because that grant of parole was beyond the authority of the Board. *See Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996) (stating that an order granting parole is a nullity where it is beyond the authority of the person issuing the order). The Board is correct in this regard.[7]

Accordingly, we deny Forbes' application for summary relief, sustain the preliminary objections of the Department and Board and dismiss the petition.

### ORDER

AND NOW, this 19th day of July, 2007, it is hereby ordered as follows:

1. The preliminary objections filed by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole are sustained.

2. The application for summary relief filed by Michael Forbes is denied.

3. The petition for review filed by Michael Forbes is dismissed.

---

**7.** Forbes argues that the Board could not rescind the 1991 grant of parole without affording him the minimal due process guarantees of prior notice and an opportunity to be heard. *Johnson v. Pennsylvania Board of Probation and Parole,* 110 Pa.Cmwlth. 142, 532 A.2d 50 (1987). However, the Board's order became a nullity, which meant that it never happened. There was nothing about which to give notice and hold a hearing.