# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Kevin Mitchell, : 
               Petitioner : 
                : 
        v. :   No. 780 C.D. 2018
                :   Submitted: January 11, 2019
Pennsylvania Board of Probation : 
and Parole, : 
             Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: February 21, 2019**

George Kevin Mitchell (Mitchell), an inmate at a state correctional institution, petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied administrative relief from the Board's recalculation of Mitchell's maximum sentence date. For the reasons that follow, we affirm the Board's order.

## I. Background

Mitchell was released on parole on December 31, 2015. At that time his maximum release date was May 31, 2018. He had 882 days remaining on his original sentence.

On April 12, 2016, Mitchell was arrested for possession of marijuana. The Board imposed a sanction of increased supervision while Mitchell remained on parole. The Board later declared Mitchell delinquent as of June 28, 2016.

On February 14, 2017, Mitchell was arrested on various charges including driving under the influence of alcohol (DUI) and fleeing from a police officer. The Board issued its warrant to detain Mitchell the same day.

Mitchell was unable to post bail. On March 21, 2017, however, the bail requirement was eliminated. Thereafter, Mitchell remained in custody solely on the Board's detainer until September 19, 2017, when he pleaded guilty and was convicted on two DUI counts and one count of fleeing a police officer. The remaining charges arising from Mitchell's February 2017 arrest were dismissed.

Mitchell subsequently signed a waiver of a revocation hearing and admitted his September 2017 convictions on the DUI and fleeing charges. In a decision effective December 12, 2017, the Board recommitted Mitchell to serve 12 months of backtime[1] as a convicted parole violator (CPV). Certified Record (C.R.) at 28. In addition, the Board recalculated Mitchell's maximum sentence date on his original conviction as August 1, 2019. C.R. at 49.

After receiving the Board's recommitment order, Mitchell filed a request with the Board for administrative relief. Mitchell asserted the Board erroneously extended the length of his remaining sentence. Further, Mitchell argued his signature on parole documents did not constitute a contract denoting concurrence in the Board's actions.

---

[1] "Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding ... that the parolee violated the terms and conditions of parole …." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 499 (Pa. Cmwlth. 2012).

The Board affirmed the recalculation of Mitchell's maximum sentence date as August 1, 2019. Mitchell filed a petition for review in this Court. Counsel was appointed to represent him in the appeal.

## II. Issues

On appeal,[2] Mitchell reasserts his argument that the Board exceeded its authority and extended the length of his sentence. He also asserts a second argument, not raised before the Board, that he was not given sufficient time at his revocation hearing and was not warned that the Board might forfeit credit for some or all of his time spent at liberty on parole.[3]

## III. Discussion
## A. Recalculation of Maximum Sentence Date

The Department of Corrections (DOC), not the Board, is responsible for calculating sentences in accordance with a sentencing court's orders. Forbes v. Pa. Bd. of Prob. & Parole, 931 A.2d 88 (Pa. Cmwlth. 2007), aff'd, 946 A.2d 103 (Pa. 2008). The Board lacks authority to impose additional prison time beyond the time ordered by the sentencing courts and calculated by the DOC. Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496 (Pa. Cmwlth. 2012).

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

[3] Although Mitchell also reasserted his contract argument in his petition for review, he did not brief that issue. Therefore, it is waived. Scrip v. Seneca, 191 A.3d 917 (Pa. Cmwlth. 2018) (en banc). Moreover, the Board did not rely on any purported contract in its recalculation decision. No contract issue is raised by the facts of this matter.

3

The Prisons and Parole Code, 61 Pa. C.S. §§101-7123, provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted of that crime, may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). A recommitment is an administrative determination by the Board requiring a parolee to serve all or part of the unexpired term of his original sentence; it does not alter that sentence. Rivenbark v. Pa. Bd. of Prob. & Parole, 501 A.2d 1110 (Pa. 1985); Yates. If a parolee is recommitted as a CPV, he must serve the remainder of the term on his original sentence that he would have been compelled to serve had parole not been granted, with no credit for time spent at liberty on parole, unless the Board elects to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). Any backtime owed is calculated from the date when the Board obtains authority to recommit a parole violator. Wilson v. Pa. Bd. of Prob. & Parole, 124 A.3d 767 (Pa. Cmwlth. 2015).

Here, Mitchell argues the Board failed to credit him with time he spent in custody. This argument is without merit.

Our review of the record reveals Mitchell was arrested on the DUI and fleeing charges on February 14, 2017. C.R. at 18. He was unable to post bail. Therefore, from the date of that arrest until bail was eliminated on March 21, 2017, Mitchell was in custody on the DUI and fleeing charges, as well as on the Board's detainer. In its decision on Mitchell's appeal, the Board correctly explained that Mitchell will receive credit for that period against the sentence imposed by the court on the DUI and fleeing charge convictions, rather than against his original sentence. C.R. at 74; see Smith v. Pa. Bd. of Prob. & Parole, 171 A.3d 759 (Pa. 2017); Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980).

4

The only period Mitchell spent in custody solely on the Board's detainer was the period of 182 days between when bail was eliminated on March 21, 2017 and when Mitchell was convicted and sentenced on the DUI and fleeing charges on September 19, 2017. C.R. at 18. The Board correctly credited that time to Mitchell's original sentence. See Smith; Gaito.

The Board also exercised its discretion to credit Mitchell with the 103 days he spent at liberty on parole from his parole date to his April 12, 2016 arrest. C.R. at 51. In its discretion, the Board declined to credit Mitchell's remaining time spent at liberty on parole. See id. at 49, 51. Notably, Mitchell does not challenge the Board's authority to deny sentence credit for time spent at liberty on parole.

Mitchell had 882 days remaining on his original sentence at the time of his parole on December 31, 2015. The Board correctly credited a total of 285 days (182 + 103) toward Mitchell's original sentence. Subtracting those days from the 882 days previously remaining on Mitchell's original sentence, he had 597 days left on his original sentence. Counting forward from his recommitment date of December 12, 2017 yields a maximum sentence date of August 1, 2019. Thus, the Board correctly recalculated Mitchell's maximum sentence date.

**B. Due Process**

With regard to Mitchell's due process issue, Mitchell waived this argument when he failed to raise it before the Board. Pa. R.A.P. 1551(a). He also failed to raise this issue in his petition for review. Although he included it in his brief, the argument on the issue contains neither development nor any citation of authority. This Court is consequently unable to provide meaningful review of this

5

issue.  Accordingly, it is waived.  <u>See</u> 37 Pa. Code §73.1(a)(3); Pa. R.A.P. 1513 Official Note (2014).

## IV. Conclusion

Based on the foregoing, we conclude the Board correctly recalculated Mitchell's maximum sentence date.  We therefore affirm the Board's order.

_____
ROBERT SIMPSON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Kevin Mitchell, :
                Petitioner :
                 :
        v. : No. 780 C.D. 2018
                 :
Pennsylvania Board of Probation :
and Parole, :
                Respondent :

# O R D E R

**AND NOW**, this 21st day of February, 2019, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge