# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giovanni R. Mucci,           :
            Petitioner       :
            :
    v.             :   No. 186 M.D. 2023
            :
Department of Corrections; et al,   :
            Respondents   :   Submitted: July 5, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: September 19, 2024

Petitioner Giovanni R. Mucci (Mucci), an inmate currently incarcerated within our Commonwealth's prison system, has filed a *pro se* amended "Petition for Writ of Mandamus and or Extraordinary Relief" (Amended Petition) in our original jurisdiction. In his Amended Petition, Mucci requests that we order Respondents Department of Corrections (Department), Pennsylvania Board of Probation and Parole (Board),[1] and Jessica Jo Welch of Central Office Records (Welch) to correct what Mucci maintains are a variety of unlawful decisions affecting Mucci's carceral sentences. In response, the Department has filed preliminary objections to the Amended Petition, as have the Board and Welch collectively. Additionally, the Board has submitted an application for summary relief (Application). Upon review, we overrule Respondents' preliminary objections in part and sustain them in part,

---

[1] We note that the Board's proper name is "The Pennsylvania Parole Board." *See* 61 Pa. C.S. §§ 6101, 6111(a).

dismiss the Board's Application for summary relief as moot, and dismiss the Amended Petition with prejudice in part.

## I. Background

In order to understand the basis for Mucci's instant legal action, it is necessary to summarize his criminal history and the actions taken in response to his attendant convictions.

On July 20, 2005, Mucci pled guilty to robbery in Philadelphia County. Am. Pet., ¶4,[2] Ex. D. As a result, the Court of Common Pleas of Philadelphia County sentenced Mucci to a term of 6 to 12 years in state prison, with 26 days of credit for time served in presentence detention. *Id.* The Board subsequently paroled Mucci on September 6, 2011, at which point the maximum date on his Philadelphia sentence was June 24, 2017. *Id.*, ¶4.[3]

On September 13, 2012, Mucci was arrested on charges that had been lodged against him in both Delaware County and Montgomery County, whereupon he was detained pending disposition of those charges. *Id.*, ¶5. Mucci was then convicted for one count of aggravated assault in Montgomery County, whereupon the Court of Common Pleas of Montgomery County sentenced him on November 25, 2014, to a term of 10 to 20 years in state prison. *Id.*, ¶6, Ex. E. Additionally, the Court of Common Pleas of Montgomery County directed that Mucci receive 803 days of credit towards that sentence for time served in presentence detention. *Id.*, ¶6. Mucci was subsequently found guilty in Delaware County of two counts of aggravated assault and one count each of driving under the influence and fleeing or attempting

---

[2] Mucci did not number all of the paragraphs in the Amended Petition. Despite this, we have elected to cite to each paragraph therein as if they were properly enumerated.

[3] Mucci did not attach the Board's 2011 parole decision to his Amended Petition.

to elude a police officer. *Id.*, ¶7, Ex. E. The Delaware County Court of Common Pleas sentenced Mucci on January 9, 2015, to an aggregate term of 10 to 22 years in state prison, to run consecutively to his Montgomery County sentence, with 848 days of credit for time served in presentence detention to be applied towards the Delaware County sentence. *Id.*

On January 8, 2015, the Board notified Mucci that it intended to hold a parole revocation hearing as a consequence of his Delaware County conviction. *Id.*, Ex. G. On February 12, 2015, Mucci acknowledged in writing that he had received this notice and formally waived his right to a parole revocation hearing. *Id.* Thereafter, on May 28, 2015, the Board issued a decision through which it ordered Mucci to be recommitted as a convicted parole violator (CPV) on account of his Delaware County conviction. *Id.*, ¶9, Ex. A. Consequently, the Board ordered Mucci to serve 24 months of backtime on his Philadelphia County sentence. *Id.* The Board also stated in this decision that Mucci was not eligible for reparole on that sentence until April 12, 2017, as well as that his Philadelphia County sentence's new maximum date was January 28, 2021. *Id.*, ¶9, Ex. A. The Department then issued a sentence status summary on June 11, 2015, which indicated that Mucci was to serve his Philadelphia County backtime concurrently with his Montgomery County sentence. *Id.*, ¶10, Ex. C.

On December 22, 2022, the Board issued another decision, through which it paroled Mucci on his Montgomery County sentence. *Id.*, ¶13, Ex. F.[4] In doing so, it also calculated the maximum date on that sentence as September 14, 2032. *Id.* Additionally, the Board ordered Mucci to begin serving his Delaware County sentence at that point. *Id.*

---

[4] Mucci was not actually paroled from his Montgomery County sentence until January 25, 2023. Am. Pet., Ex. G.

Thereafter, on March 6, 2023, Mucci was informed by an individual he identifies as "counselor Daneker" that the Board and the Department were "aggregating" his Delaware County and Montgomery County sentences. *Id.*, ¶14. Daneker also provided Mucci with a new sentence status summary on that date. *Id.* This summary indicates that the Department had aggregated Mucci's Delaware County and Montgomery County sentences, so that the minimum and maximum dates on those sentences were now respectively July 3, 2038, and July 3, 2060. *Id.*, Ex. E. Mucci then sought clarification from the Department regarding its sentence calculations, due to his belief that those calculations were incorrect. *See id.*, Exs. K-M.

Unsatisfied with the Department's responses to his inquiries, Mucci filed a "Petition for Writ of Mandamus and or Extraordinary Relief" with our Court on April 7, 2023, followed by his Amended Petition on May 15, 2023. In his Amended Petition, he alleges that Respondents have (a) effectively rescinded the parole he was given on his Montgomery County sentence and did so without affording him a hearing; (b) recalculated his Philadelphia County sentence in a manner that wrongfully rescinded 372 days of credit for time served at liberty on parole that had been awarded to him through the Board's 2011 parole decision; (c) forced him to serve his sentences in a manner that does not accurately reflect the sentencing orders issued by the aforementioned courts of common pleas or the Board's decisions; and (d) failed to give him credit for the full amount of time served in presentence detention that was awarded to him through the Court of Common Pleas of Delaware County's and the Court of Common Pleas of Montgomery County's sentencing orders (848 days and 803 days, respectively). *Id.*, ¶¶18, 19-19(J). Mucci seeks mandamus relief to correct these putative errors. *Id.*, Relief Sought.

4

The Department, the Board, and Welch filed preliminary objections, seeking the dismissal of Mucci's Amended Petition. Additionally, the Board submitted the aforementioned Application for Summary Relief. Mucci responded to the preliminary objections, as well as the Board's Application. Accordingly, this matter is ready for disposition.

## II. Discussion

We first address Respondents' respective preliminary objections, which we summarize as follows. The Department demurs to the Amended Petition by arguing that Mucci's mandamus claim is legally inadequate because he has failed to establish that he has a clear right to the relief he seeks or that the Department has a corresponding duty to give him that relief. Department's Br. at 9. Specifically, the Department asserts that it originally miscalculated Mucci's Montgomery County sentence by determining that it ran concurrently with the 24 months of backtime the Board had imposed in 2015 on his Philadelphia County sentence and was required by law to rectify that mistake. *Id.* at 9-10. Similarly, the Department argues that it originally failed to aggregate Mucci's Delaware County and Montgomery County sentences and was required by law to remedy that error as well. *Id.* at 10-11. According to the Department, these corrections turned the Board's 2022 decision to parole Mucci on his Montgomery County sentence into a nullity. *Id.* at 11. Furthermore, the Department argues it has given Mucci all the credit for time served in presentence detention to which he is entitled and notes that Mucci seeks duplicative credit for that served time, which is legally prohibited. *Id.* at 11-12. Finally, the Department asserts that Mucci has failed to establish that he lacks any other appropriate or adequate way in which to resolve his time credit claim, as he could have sought relief directly through the sentencing courts and via appeals of

5

any ensuing orders therefrom. *Id.* at 12. As for the Board and Welch, they rest their collective preliminary objections on two points. First, they adopt by reference all of the Department's arguments. Board and Welch's Br. at 4, 8. Second, they assert that this Court lacks jurisdiction over Mucci's action, to the extent he contests the rescission of his parole, because any such challenge can only be brought in our appellate jurisdiction, not our original jurisdiction. *Id.* at 8.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (cleaned up). "In addition, courts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres*, 997 A.2d at 1245.

As for mandamus, it

> is an extraordinary remedy, "designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Coady v.*

6

*Vaughn*, 770 A.2d 287, 289 (Pa. 2001) (citing *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980)).

*Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up).

> While . . . mandamus will not lie to compel discretionary acts, this has usually been interpreted to mean that while a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act. The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error.
>
> In short, mandamus is chiefly employed to compel the performance (when refused) of a ministerial duty, or to compel action (when refused) in matters involving judgment and discretion. It is not used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken.

*Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (cleaned up).

Returning to Respondents' preliminary objections, we recognize that questions regarding a court's exercise of subject matter jurisdiction constitute "threshold matters[.]" *In re Admin. Ord. No. 1-MD-2003*, 936 A.2d 1, 5 (Pa. 2007). Accordingly, we first address the Board's and Welch's argument that we lack jurisdiction to rule upon the merits of the Amended Petition, to the extent that Mucci challenges the alleged rescission of the Board's December 2022 decision to parole him on his Montgomery County sentence. Generally speaking, the proper way for an inmate to challenge the rescission of their parole is to file a petition for review in

7

our appellate jurisdiction, something which cannot be done until the Board has issued a final, appealable order that memorializes that rescission. *Forbes v. Pa. Dep't of Corr.*, 931 A.2d 88, 91 (Pa. Cmwlth. 2007). However, in instances where the Board has not issued an appealable order, an inmate is not required to challenge the rescission of their parole through a petition for review addressed to our appellate jurisdiction. *Forbes*, 931 A.2d at 91. Here, Mucci does not allege that the Board rescinded his parole through a formal decision to that effect. Rather, Mucci states that he learned that his Montgomery County sentence parole had been rescinded when he received an updated sentence status summary on March 6, 2023. *See* Am. Pet., ¶¶11-15. Furthermore, Mucci did not append any documentation to his Amended Petition showing that the Board issued such a formal decision. Accordingly, we cannot say with certainty at this stage of the litigation that we lack subject matter jurisdiction over Mucci's challenge to the rescission of his parole on his Montgomery County sentence. We consequently overrule the Board's and Welch's preliminary objection on that point.

Moving on, we agree with Respondents that Mucci is not, and was not, entitled to have the 24 months of Board-imposed backtime on his Philadelphia County sentence run concurrently with his Montgomery County sentence. Section 6138(a)(5)(i) of the Prisons and Parole Code (Parole Code) mandates that an inmate complete CPV backtime prior to beginning service on a new, state-level sentence. 61 Pa C.S. § 6138(a)(5)(i);[5] *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134,

---

[5] Specifically, Section 6138(a)(5) of the Parole Code states, in relevant part:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

**(Footnote continued on next page…)**

8

1138 (Pa. Cmwlth. 2016) (citing 61 Pa C.S. § 6138(a)(5)) ("Section 6138(a)(5) of the . . . Parole Code provides that once a parolee is recommitted as a [CPV], the original sentence and any new sentences must be served consecutively rather than concurrently."). In this instance, the Department initially determined in 2015 that Mucci should serve his Philadelphia County sentence backtime concurrently with his Montgomery County sentence. *See* Am. Pet., Ex. C. This was a clearly erroneous and unlawful determination, given the Parole Code's express directive to the contrary. *See* 61 Pa C.S. § 6138(a)(5).

Next, we agree with Respondents that the Department was required by law to aggregate Mucci's Delaware County and Montgomery County sentences. It is well settled that Section 9757 of the Sentencing Code, 42 Pa. C.S. § 9757,[6] imposes upon the Department a mandatory duty to aggregate an inmate's consecutive sentences for purposes of determining the minimum and maximum dates thereon. *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987). This requirement applies even when those sentences were imposed on different dates by different courts of common pleas. *Id.* at 1066. As with its handling of Mucci's Philadelphia County backtime in relation to his Montgomery County sentence, the Department's initial treatment of his consecutive Delaware County and Montgomery County sentences was in clear contravention of the obligations imposed upon by law through the

---

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. § 6138(a)(5).

[6] This statute reads as follows: "Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed." 42 Pa. C.S. § 9757.

9

Sentencing Code, due to the Department's failure to aggregate those sentence. *See* 42 Pa. C.S. § 9757.

In addition, the Department did not act extralegally by correcting its initially improper handling of Mucci's carceral sentences. Rather, it properly exercised its inherent authority to correct its erroneous calculations and, in doing so, ensured that Mucci served his sentences, and attendant backtime, in a lawful manner. *Forbes*, 931 A.2d at 94. As such, Mucci cannot obtain mandamus relief that would undo those corrections. *See Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001) (mandamus cannot be used to compel the Department to perform an illegal act).[7]

As pointed out by Respondents, the Department's corrections also produced additional effects that wiped out the Board's December 2022 decision to parole Mucci on his Montgomery County sentence. Though Mucci maintains that the Board rescinded his parole, this is not an accurate characterization of what happened, as the Board did not issue a valid decision that it subsequently retracted or reversed. Rather, the Department's aforementioned corrections to its sentence calculations rendered the Board's decision "a nullity[,] because that grant of parole was beyond the authority of the Board." *Forbes*, 931 A.2d at 95. In other words, since the Board's original sentence calculations were incorrect, Mucci was not actually eligible for parole on his Montgomery County sentence in 2022, a fact which thereby rendered

---

[7] Mucci argues that, per *Keith v. Pennsylvania Board of Probation & Parole*, 464 A.2d 659 (Pa. Cmwlth. 1983), the Department did not have authority to aggregate his Delaware County and Montgomery County sentences. Mucci's Resp. to Prelim. Objs., ¶¶32-33. In doing so, however, Mucci ignores the fact that we explicitly stated in *Gillespie* that *Keith* interpreted a sentence aggregation statute that had been superseded by Section 9757 of the Sentencing Code and, thus, was no longer good law. *See Gillespie*, 527 A.2d at 1066 (cleaned up) ("We duly note that the prior sentence aggregation statute . . . was interpreted to apply only to sentences imposed at the same time by the same court. *See Keith* . . . ; *Com. ex rel. Lycett v. Ashe*, 20 A.2d 881 (Pa. Super. 1941). Section 9757, however, clearly by its terms, referring specifically to previously imposed sentences, applies to sentences imposed at different times by different courts.").

the Board's grant of such relief void *ab initio*. As such, Mucci lacks a clear right to relief regarding the Board's putative "rescission" of his parole regarding his Montgomery County sentence.

This leaves Mucci with two remaining claims. First, Mucci argues that Respondents did not properly credit him for all of his time served in presentence detention which the Courts of Common Pleas of Delaware County and Montgomery County had awarded to him through their respective sentencing orders. Am. Pet., ¶¶18, 19-19(J). Second, Mucci argues that Respondents improperly recalculated his Philadelphia County sentence in a manner that unlawfully stripped him of street time credit that the Board had granted him in 2011. *Id.* Though he initially frames his remaining claims as being against "Respondents," Mucci specifically uses his supporting averments to challenge only the Department's sentence status summaries and the calculations made therein. *See id.*, ¶¶18-19 (in which Mucci avers that "the new DC16 E (sic) does not have the calculations for the time credit for either the Montgomery County or Delaware County sentences, which [Mucci] challenges. The new DC16 E (sic) does show a time credit but said credit is not being calculated properly towards [Mucci's] sentences. Additionally, in relation to the new DC16 E (sic), [Mucci] challenges the recomputing of his Philadelphia conviction."). Therefore, we interpret these remaining claims as being directed solely towards the Department, rather than the Board and Welch.[8]

> Mandamus is an appropriate remedy to correct an error in the Department's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and

---

[8] "It is beyond cavil that the Department has a duty to credit . . . all inmates[] for all statutorily mandated periods of incarceration. . . . The Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005) (cleaned up).

11

the Department's computation does not comply with that credit. However, mandamus is not available to challenge the Department's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue.

*Allen v. Dep't of Corr.*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014) (cleaned up). Per Section 9760(1) of the Sentencing Code, a sentencing court must award a convicted individual:

Credit against the maximum term and any minimum term . . . for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. § 9760(1). This statutory requirement, however, does not entitle a convicted individual to duplicative credit towards sentences that were imposed in separate cases by different courts. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 594 (Pa. Cmwlth. 2006). The fact that an inmate was being held in presentence detention on charges from multiple, separate cases does not enable him to have credit for that served time applied to all consequent sentences; rather, any credit for each day served in presentence detention can only be applied once. *See Taglienti v. Dep't of Corr.*, 806 A.2d 988, 993 (Pa. Cmwlth. 2002) ("[C]redit for time served prior to the sentencing date is governed by Section 9760 [of the Sentencing Code,] which does not provide for credit for time served on unrelated offenses or when credit has been already credited against another sentence.").

With regard to his first remaining claim, Mucci asserts the following:[9] He was arrested on September 13, 2012, and was then detained pending disposition of his

_____

[9] We note that Mucci did not attach any of his sentencing orders to his Amended Petition. Instead, he includes copies of completed DC-300B forms, through which the Department has **(Footnote continued on next page…)**

12

Delaware County and Montgomery County charges. Am. Pet., ¶5. He was subsequently found guilty in Montgomery County on November 11, 2014, and was sentenced by the Court of Common Pleas of Montgomery County on November 25, 2014. *Id.*, ¶6, Ex. E. As part of that sentence, the Court of Common Pleas of Montgomery County awarded Mucci 803 days of credit for time served in presentence detention. *Id.*, ¶6. Eight hundred three days is the amount of time that elapsed between September 13, 2012, *i.e.*, the date of his arrest, and November 25, 2014, *i.e.*, the date upon which he was sentenced by the Court of Common Pleas of Montgomery County. He was then found guilty in Delaware County and was sentenced by the Court of Common Pleas of Delaware County on January 9, 2015. *Id.*, ¶7, Ex. E. As part of that sentence, the Court of Common Pleas of Delaware County awarded Mucci 848 days of credit for time served in presentence detention. *Id.*, ¶7. Eight hundred forty-eight days is the amount of time that elapsed between September 13, 2012, *i.e.*, the date of his arrest, and January 9, 2015, *i.e.*, the date upon which he was sentenced by the Court of Common Pleas of Delaware County. Thus, Mucci clearly seeks, at least in part, duplicative credit towards his Delaware County and Montgomery County sentences for time he served in presentence detention. To reiterate, the law mandates that he cannot receive such credit. *Barndt*, 902 A.2d at 594; *Taglienti*, 806 A.2d at 993.

Even so, we are unable at this juncture to determine whether the Department has properly allocated this presentence detention credit towards Mucci's Delaware County and Montgomery County sentences. In the Department's most recent

---

summarized the purported terms of those orders. *See* Am. Pet., Exs. I-J. Through those forms, the Department indicates that the Courts of Common Pleas of Delaware County and Montgomery County respectively awarded Mucci 848 days and 803 days of credit for time served in presentence detention. *See id.*

13

sentence status summary, dated March 6, 2023, the Department states that it applied credit towards his Montgomery County sentence for the time he was held between September 14, 2012, and January 25, 2014. Am. Pet., Ex. E. In addition, the Department states that it applied credit towards his Delaware County sentence for the time he was held between September 13, 2012, and April 11, 2015. *Id.* The Department, however, does not show precisely how this credit was applied to each of those sentences, nor does it provide a satisfactory explanation for why it gave Mucci credit on his Delaware County sentence that goes far beyond that which Mucci seeks through this action and which fails to comport with the terms of the Court of Common Pleas of Delaware County's sentencing order. Therefore, we cannot conclude that the Department has established that Mucci cannot state a viable mandamus claim regarding its treatment of his presentence detention credit.

As to Mucci's second remaining claim, the Department does not challenge his assertion that it improperly stripped him of street time credit that the Board had granted him in 2011. Given this, we are constrained to also allow that portion of Mucci's Amended Petition to survive at this point.

Finally, we conclude that there is no need to address the merits of the Board's Application. This is because we have sustained the Board's preliminary objections and, as a consequence, have neutralized all of the claims Mucci had lodged in his Amended Petition against the Board. We therefore dismiss the Application as moot.

### III. Conclusion

In accordance with the foregoing analysis, we overrule Respondents' preliminary objections in part, regarding the Board's and Welch's collective assertion that we lack subject matter jurisdiction to rule upon Mucci's parole rescission argument, as well as the Department's demurrer to Mucci's presentence

14

detention credit claim. In addition, we sustain Respondents' preliminary objections as to Mucci's claims regarding the Department's corrected sentence calculations, to the extent those calculations reflected that Mucci was required to finish serving backtime on his Philadelphia County sentence before starting his Montgomery County sentence and could not serve both concurrently, as well as that the Department was required to aggregate his Delaware County and Montgomery County sentences. We also sustain Respondents' preliminary objections regarding Mucci's claim that the Board's December 2022 decision to parole him on his Montgomery County sentence was "rescinded." Furthermore, we dismiss Mucci's Amended Petition with prejudice as to the Board and Welch, and dismiss as moot the Board's Application.

 

 

 

_____

ELLEN CEISLER, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Giovanni R. Mucci, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 186 M.D. 2023 |
| | : | |
| Department of Corrections; et al, | : | |
| Respondents | : | |

## **O R D E R**

AND NOW, this 19th day of September, 2024, it is hereby ORDERED:

1. Respondents Pennsylvania Board of Probation and Parole's (Board) and Jessica Jo Welch of Central Office Records' (Welch) preliminary objection regarding our subject matter jurisdiction to rule upon Petitioner Giovanni R. Mucci's (Mucci) parole rescission claim is OVERRULED;

2. Respondent Department of Corrections' (Department) preliminary objection regarding Mucci's presentence detention credit claim is OVERRULED;

3. Respondents' preliminary objections regarding Mucci's claim that the Department incorrectly recalculated his sentences to reflect that Mucci was required to finish serving backtime on his Philadelphia County sentence before starting his Montgomery County sentence, and could not serve both concurrently, are SUSTAINED;

4. Respondents' preliminary objections regarding Mucci's claim that the Department was required to aggregate his Delaware County and Montgomery County sentences are SUSTAINED;

5. Respondents' preliminary objections regarding Mucci's claim that the Board's December 2022 decision to parole him on his Montgomery County sentence was "rescinded" are SUSTAINED;

6. Mucci's Amended Petition is DISMISSED WITH PREJUDICE as to the Board and Welch;

7. The Board's application for summary relief is DISMISSED AS MOOT.


_____
ELLEN CEISLER, Judge